```
                IN THE UNITED STATES BANKRUPTCY COURT

                FOR THE SOUTHERN DISTRICT OF TEXAS

                          HOUSTON DIVISION

                                    )
IN RE                               )
                                    )
JACQULYN JERNIGAN,                  )   CASE NO. 05-81012-G3-13
                                    )
        Debtor,                     )
                                    )
```

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Motion of Shadyvilla Enterprises, Inc. for Relief from the Automatic Stay of an Act Against Property of 11 U.S.C. § 362 (Docket No. 15). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Jacqulyn Jernigan ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on April 8, 2005.

In the instant motion, Shadyvilla Enterprises, Inc. ("Movant") seeks lifting of the automatic stay in order to permit it to exercise its purported "rights under [a] Contract for Deed and applicable law to repossess and/or foreclose its liens" on real property located at 7510 Shadyvilla #22, Houston, Texas.

The property is listed as Debtor's homestead in Debtor's schedule C.

Movant contends that the stay should be lifted because Debtor has defaulted under the Contract for Deed and therefore lacks equity in the property.  Movant contends that the property is not necessary to Debtor's effective reorganization.  Alternatively, Movant contends that the stay should be lifted for cause, in that Debtor has failed to make payments.  Alternatively, Movant requests adequate protection.

Debtor contends that Movant lacks standing to bring the instant motion, because Movant lacks an interest in the property as a result of its failure to comply with provisions of the Texas Property Code relating to contracts for deed.  Debtor also contends that Movant lacks a claim, because Debtor is entitled assessment of a statutory penalty against Movant, in excess of the amount of Movant's asserted claim.

Debtor entered into the contract for deed, for purchase of the property, on August 4, 2003.  The contract calls for Debtor to pay $2,000 on execution of the agreement, plus monthly installments of $550.31, until the full purchase price of $55,500, plus 12 percent annual interest, is paid.  The contract additionally calls for Debtor to pay association dues, which were $387 per month on the date of execution of the contract, and were subject to change.

The contract for deed does not contain a seller's disclosure notice.

The contract for deed was recorded in the real property records of Harris County, Texas, on May 3, 2005.

Movant prepared and delivered to Debtor a "Mortgage Loan Statement" in January, 2004, covering the payments made and interest accrued during 2003 (Debtor's Exhibit 4), and another "Mortgage Loan Statement" in January, 2005, covering the payments made and interest accrued during 2004 (Debtor's Exhibit 5). Neither of the documents titled "Mortgage Loan Statement" includes a statement of the total amounts paid under the contract, the amount remaining owed on the contract, or the number of payments remaining under the contract.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if
> >
> > > (A) the debtor does not have an equity in such property;  and

>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property. The party opposing relief has the burden of proof as to all other issues.  11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. <u>In re Trident Assoc. L.P.</u>, 52 F.3d 127 (6th Cir. 1995); <u>Claughton v. Mixson</u>, 33 F.3d 4 (4th Cir. 1994); <u>In re Tucson Estates, Inc.</u>, 912 F.2d 1162 (9th Cir. 1990).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  <u>In re Namazi</u>,  106 B.R. 93 (Bankr. E.D. Va. 1989).  In addition, where relief would permit the resolution of uniquely state law questions which necessarily must be decided as part of the case's administration, cause will exist to lift the automatic stay for

that limited purpose.  In re Bell, 215 B.R. 266 (Bankr. N.D. Ga. 1997).

Debtor first argues that, under Section 13.001 of the Texas Property Code, Movant's failure to record the contract for deed prior to the filing of the petition in the instant Chapter 13 case defeats Movant's interest in the property.

Prior to amendments in 1995, the Texas Property Code did not require filing of a contract for deed in the real property records of the county in which the property is located.  The 1995 amendments added Section 5.076 to the Texas Property Code, requiring that contracts for deed be filed.  Section 5.076 was amended in 2001 to require that the seller's disclosure be filed with the contract for deed in the real property records, within 30 days after the date the contract is executed.  Tex. Prop. Code § 5.076.

Section 13.001 of the Texas Property Code provides in pertinent part:

> (a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law.
>
> (b) The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent purchaser who does not pay a valuable consideration or who has notice of the instrument.

Tex. Prop. Code § 13.001.

In Texas American Bank/Levelland v. Resendez, 706 S.W.2d 343 (Tex. App.--Amarillo, no writ), the court determined that, as between a judgment creditor and a claimant pursuant to a contract for deed, Section 13.001 of the Texas Property Code did not apply.  That result was reaffirmed in Park Central Bank of Dallas v. JHJ Inv. Co. of Little Elm, 835 S.W.2d 813 (Tex. App.--Ft. Worth, n.w.h.) before the enactment of the 1995 amendments, and in Gaona v. Gonzalez, 997 S.W.2d 784 (Tex. App.--Austin 1999, reh. over.), after the enactment of the 1995 amendments.  The court concludes that Section 13.001 of the Texas Property Code does not operate to terminate Movant's interest in the property.

Second, Debtor argues that Movant's failure to record the seller's disclosure within 30 days after execution of the contract for deed gives rise to a claim for damages under the Texas Deceptive Trade Practices Act.  Debtor contends that she is entitled to a setoff for the amount of damages.  Debtor presented no evidence as to damages.  Thus, the court is unable to determine that Movant's claim is subject to a setoff in excess of the claim as a result of the asserted DTPA damages.

Third, Debtor argues that Movant's failure to provide annual statements in the required form gives rise to a $250 per day statutory penalty, which has now exceeded Movant's claim. The Fifth Circuit, in Flores v. Millennium Interests, Ltd., 390 F.3d 374 (5th Cir. 2004), certified to the Texas Supreme Court

the question of of whether a nonconforming annual accounting statement subjects the seller under a contract for deed to the liquidated damages provision of Section 5.077(c) of the Texas Property Code.

In the instant case, the court has determined, in light of the pending question certified by the Fifth Circuit Court of Appeals to the Texas Supreme Court regarding an important question unique to Texas law, to lift the stay in part, for the limited purpose of permitting Movant or Debtor to file and litigate to judgment, but not execution, in a state court of appropriate jurisdiction in Texas, their respective asserted causes of action.  The stay will also be conditioned on the Debtor's escrowing with the Chapter 13 Trustee of the monthly payments called for under the contract for deed pending resolution of the underlying disputes in the state court system.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on September 19, 2005.

*[signature]*

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE